**FOR PUBLICATION**



# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>MANUEL F. BARCELOS<br>and MARY F. BARCELOS,<br><br>　　　　　Debtors. | Case No. 11-14278-A-12 |
| MANUEL F. BARCELOS,<br>　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　Defendant. | Adv. No. 16-1057-A<br>WW-1<br>US-2<br><br>**MEMORANDUM** |

Argued and Submitted on August 24, 2017

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:　Matthew P. Bunting, Walter Wilhelm Bauer argued on behalf of plaintiff Manuel F. Barcelos; Boris Kukso, U.S. Department of Justice argued on behalf of the United States of America

In this § 362(k)[1] action, the government's return of tax refunds to the debtor has narrowed the debtor's damages claim to the debtor's attorney's fees and costs of litigation and accountant's fees. Barcelos's failure to exhaust administrative remedies means that sovereign immunity is not waived for this action, and this deprives the court of jurisdiction.

**FACTS**

Manuel F. Barcelos ("Barcelos") filed an adversary complaint under 11 U.S.C. § 362(k) against the United States of America ("United States"). Barcelos asserts that the United States, acting through the Internal Revenue Service ("IRS"), violated the automatic stay of § 362(a) during his Chapter 12 bankruptcy by seizing his 2013 income tax refund in the amount of $11,917 and 2014 income tax refund in the amount of $9,262. His action pursues recovery of actual damages as well as attorney's fees and costs.

The parties agree that, after commencing this adversary proceeding, Barcelos attempted to exhaust his administrative remedies informally. He sent his administrative claim for attorney's fees of $8,399.25 and accounting fees of $738.00 to two different IRS employees and an attorney at the U.S. Department of Justice. He did not, however, file the claim with the Chief of the Insolvency Unit of the IRS for the Eastern District of California. The claim has also never been properly served.

Barcelos and the United States have filed cross-motions for summary judgment. The parties agree that the United States violated the stay by seizing Barcelos's income tax refunds but that it has

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

2

since returned those refunds plus statutory interest to Barcelos. The 2013 income tax refund was returned prior to commencement of this adversary proceeding; the 2014 refund was remitted to Barcelos after the commencement of this action.

The only remaining damages sought by Barcelos are his attorney's fees of $28,683 and accounting fees of $738. Barcelos incurred these fees in pursuing the return of his 2014 tax refunds and litigating this adversary action for attorney's fees and costs. *See In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015).

## DISCUSSION

As the sovereign, the United States is immune from suit, unless it has expressly consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-501 (1940). Absent consent, courts lack jurisdiction over the sovereign, and any action filed against it must be dismissed. *Powelson v. United States*, 150 F.3d 1103, 1104-05 (9th Cir. 1998); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (waiver of sovereign immunity against actions for damages presents a question of jurisdiction). Furthermore, an aggrieved party's failure to exhaust administrative remedies in this context means sovereign immunity has not been waived, which deprives this court of jurisdiction. *Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1993) (failure to exhaust administrative remedies under 26 U.S.C. § 7433(d)(1) deprives the court of jurisdiction); *see also Kuhl v. United States*, 467 F.3d 145, 148-49 (2nd Cir. 2006) (holding that Congress has conditionally waived sovereign immunity under § 7433(e) for willful discharge violations by imposing an exhaustion-of-remedies requirement).

The United States has consented to suits for violation of the automatic stay. 11 U.S.C. § 106(a)(1) (containing waiver of sovereign immunity for the enumerated Code sections, including

§ 362).[2] But that consent must be read narrowly. *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999).

For an action under § 362(k), the United States has different standards of consent applicable to (1) claims for compensatory damages generally and (2) claims for attorney's fees and costs. No exhaustion-of-remedies prerequisite exists for the government's consent to a § 362(k) proceeding when compensatory damages other than attorney's fees and costs are sought.[3] But the United States' waiver

---

[2] Section 106(a)(3) imposes limitations on the general waiver of sovereign immunity under § 362 and provides that an "order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28." 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), contains an exception to its applicability for fees and costs incurred "in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies." 28 U.S.C. § 2412. Ninth Circuit precedent confirms that the EAJA and 26 U.S.C. § 7430 are mutually exclusive. *United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756, 768 (9th Cir. 1994). "In the cases to which § 7430 applies it is exclusive and precludes recovery under the EAJA." *Smith v. Brady*, 972 F.2d 1095, 1099 (9th Cir. 1992) (citing 28 U.S.C. § 2412(e)); *accord United States v. McPeck*, 910 F.2d 509, 513 (8th Cir. 1990). Read together, these statutes waive sovereign immunity, subject to conditions and limitations, for actions under § 362(k) to recover attorney's fees and costs. *See* 11 U.S.C. § 106(a)(1), (3); 28 U.S.C. § 2412(e); 26 U.S.C. §§ 7430(a)-(b), 7433(e)(2)(B)(i).

[3] This conclusion requires a close reading of applicable Internal Revenue Code provisions. 26 U.S.C. § 7433(e) allows a petition to be brought in the bankruptcy court for a willful violation of § 362 or § 524. 26 U.S.C. § 7433(e)(1). This is the exclusive remedy for (1) willful violations of the stay other than actions under § 362(k) and (2) all discharge-injunction violations. *Id.* § 7433(e)(2)(A). All § 7433(e)(1) petitions in the bankruptcy court are subject to an exhaustion-of-remedies requirement. *See id.* § 7433(b), (d)(1), (e)(1). But proceedings under § 362(k) are excepted from the exclusive-remedy provision of § 7433(e)(2)(A). *Id.* § 7433(e)(2)(B); *see also* 26 C.F.R. § 301.7433-2(a)(2) ("In addition, taxpayers injured by violations of section 362 of the Bankruptcy Code may maintain actions under section 362[k] of the Bankruptcy Code (relating to an individual injured by a willful violation of the stay.")). As a result, § 362(k) proceedings are not subject to the exhaustion-of-remedies requirement that applies to § 7433(e)(1) petitions in bankruptcy court. But the fees-and-costs component of a § 362(k) proceeding are subject to an exhaustion-of-remedies requirement under a different statute. *See* 26 U.S.C. § 7430; 26 C.F.R. § 301.7433-2(a)(2).

of sovereign immunity for awards of attorney's fees and costs has a condition precedent: compliance with administrative requirements imposed by the Internal Revenue Code, i.e., exhaustion of administrative remedies. See 26 U.S.C. §§ 7430(b)(1), 7433(e)(2)(B)(i).[4]

26 C.F.R. § 301.7430-1(e) establishes the administrative remedies that a debtor-taxpayer must exhaust before pursuing attorney's fees and costs for a violation of the automatic stay under § 362(k). This regulation requires a party to "file[] an *administrative claim* for relief from a violation of section 362 of the Bankruptcy Code *with the Chief, Local Insolvency Unit*, for the judicial district in which the bankruptcy petition that is the basis for the asserted automatic stay violation was filed *pursuant to § 301.7433-2(e)* and *satisfies the other conditions set forth in § 301.7433-2(d)*." 26 C.F.R. § 301.7430-1(e) (emphases added). In turn, § 301.7433-2(e) and (d) contain more conditions that must be satisfied according to 26 C.F.R. 301.7430-1(e). Section 301.7433-2(d) requires a debtor-taxpayer to file an administrative claim and wait for the earlier of the decision on the claim or six months after the claim was filed to commence an adversary proceeding for attorney's fees and costs. *Id.* § 301.7433-2(d).

In this case, Barcelos made critical procedural errors that precluded him from exhausting his administrative remedies and bringing his action within the United States' waiver of sovereign immunity. First, he improperly commenced this adversary proceeding

---

[4] Section 7433(e) provides that "administrative and litigation costs in connection with [an action under § 362(k)] may only be awarded under section 7430." *Id.* § 7433(e)(2)(B)(i). "Section 7430 in turn allows recovery of attorneys' fees provided that 'the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.'" *Kuhl v. United States*, 467 F.3d 145, 147 (2d Cir. 2006) (quoting 26 U.S.C. § 7430(b)(1)).

before attempting to exhaust his administrative remedies. Specifically, he failed to bring this § 362(k) action after the earlier of (1) the IRS's decision on his administrative claim or (2) six months after a compliant filing of the administrative claim.

Second, his claim was not properly filed and served. The regulations identify a specific official with whom a formal administrative claim must be filed to exhaust administrative remedies. But Barcelos did not file his claim with such official, the IRS's Chief, Local Insolvency Unit, for the Eastern District of California. 26 C.F.R. §§ 301.7430-1(e)(2), 301.7433-2(e). Sending his claim to two different IRS employees (not the Chief of the Local Insolvency Unit) and an attorney at the U.S. Department of Justice does not suffice under any reading of the applicable regulation. *See Hoogerheide v. I.R.S.*, 637 F.3d 634, 639 (6th Cir. 2011) (finding improperly addressed letters insufficient and rejecting as doubtful any doctrine of substantial compliance). These deficiencies preclude Barcelos from having exhausted his administrative remedies, and the court need not decide whether the content of Barcelos's administrative claim satisfied 26 U.S.C. § 7430(b)(1) and its implementing regulations.

Because Barcelos did not exhaust his administrative remedies as to his attorney's fees and other litigation costs, his action falls outside the scope of the United States' waiver of sovereign immunity. Accordingly, this court lacks jurisdiction over this proceeding.

## CONCLUSION

The court lacks jurisdiction over Barcelos's claim for attorney's fees and other litigation costs because Barcelos has failed to exhaust administrative remedies. The adversary proceeding

will be dismissed. Each motion for summary judgment is denied. The court will issue a separate order.

Dated: Oct 12, 2017

*[signature]*

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

Boris Kukso
PO Box 683
Washington DC 20044

Matthew P. Bunting
205 E. River Park Circle, Ste. 410
Fresno CA 93720